UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THELMA HAWTHORNE                                CIVIL ACTION

VERSUS                                          NO: 12-1203

BOEHRINGER INGELHEIM                            SECTION: "A" (5)
PHARMACEUTICALS, INC. ET AL

<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Dismiss Pursuant to 12(b)(6) (Rec. Doc. 8)** filed by

Defendants Boehringer Ingelheim Pharmaceutical Inc. ("Boehringer"), and a **Motion to Stay**

**Proceedings Pending Transfer by the Judicial Panel on Multi-District Litigation (Rec. Doc.**

**12)** filed by Plaintiff Thelma Hawthorne.  Plaintiff has filed a motion in opposition to the motion

to dismiss.  The motion to dismiss is set for hearing on <u>**July 18, 2012**</u>, while the motion to stay is

set for hearing on <u>**August 1, 2012**</u>; both motions are before the Court on the briefs without oral

argument.

For the following reasons, Defendants' motion to dismiss is **DENIED**.  Plaintiff's motion

is **GRANTED** and this case is hereby **STAYED** and administratively **CLOSED** pending

transfer by the Judicial Panel on Multi-District Litigation.

I.      **BACKGROUND**

This case involves a drug called Pradaxa, which is an anti-coagulant prescription

medication intended to prevent stroke in patients with a heart condition known as non-valvular

atrial fibrillation.  Plaintiff brought a products liability claim under the Louisiana Products

Liability Act ("LPLA"), LA. R.S. 9:2800.54, *et seq*., claiming that use of Defendants' allegedly

defective product caused her to suffer severe internal bleeding.[1]  Plaintiff alleges that

Defendants' Pradaxa label failed to warn of irreversible bleeding and that it is impossible to

monitor or test Pradaxa levels in the blood.  Plaintiff further alleges design defect and breach of

express warranty.  Plaintiff argues that she is entitled to recover damages and that Pradaxa

should be taken off of the market.

Defendants brings their motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), claiming that Plaintiff's complaint contains a critical lack of sufficient factual

allegations and therefore fails to satisfy federal pleading standards and applicable Louisiana law.

Defendants point out that the complaint contains very little factual information about the

Plaintiff other than the assertions that she used Pradaxa and subsequently suffered severe internal

bleeding as a result of her exposure to the drug.  Plaintiff argues in response that she has

provided sufficient factual allegations to satisfy the pleading requirements under Federal Rule of

Civil Procedure 8, and that she has stated a plausible claim under the LPLA.

Plaintiff has also filed a motion to stay the instant proceedings pending transfer by the

Judicial Panel on Multi-District Litigation.  Plaintiff asserts that this case is one of more than

thirty cases filed in various state and federal courts across the United States arising out of

irreversible, serious bleeding injuries sustained by individuals who ingested Pradaxa.  A plaintiff

in one of these allegedly related cases has filed a motion to consolidate the cases pursuant to 28

USC § 1407, to which Plaintiff has filed an interested party response.  Defendants have not

---

[1]      Plaintiffs filed this action in federal court alleging
diversity jurisdiction.  It is undisputed that the parties are
completely diverse and the amount in controversy exceeds $75,000;
therefore, jurisdiction is proper in this Court pursuant to 28
USC § 1332.

opposed the consolidation, but have challenged which district court is the appropriate transferee district. According to Plaintiff, given the parties' agreement, it is highly likely that the cases will be consolidated; Plaintiffs argue that this Court should therefore stay the instant proceedings pending this case's transfer to the MDL. The Court notes that Defendants have not filed any opposition to Plaintiff's motion to stay.

## II.    LAW AND ANALYSIS

### A.    Failure to State a Claim under Rule 12(b)(6)

#### 1.    Standard of Review

The standard of review for a motion to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) was first articulated by the United States Supreme court in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In <u>Conley</u>, the Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45. The Court effectively abrogated <u>Conley</u> in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), saying that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citations omitted). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>. (citations omitted). Dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote or

unlikely.  Id.

In Ashcroft v. Iqbal, the Supreme Court further expounded on Twombly by explaining

that a complaint must have sufficient factual matter to state a claim to relief that is plausible on

its face.  Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Rule 12(b)(6) motions to dismiss are disfavored means of disposing of a case and should

be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a

plausible set of facts in support of her claim which would entitle her to relief.  Twombly, 550

U.S. 544.  When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual

allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the

complaint in the plaintiff's favor.  Fernandez–Montes v. Allied Pilots Ass'n., 987 F.2d 278, 184

(5th Cir. 1993).

2.     Louisiana Products Liability Act

The LPLA "establishes the exclusive theories of liability for manufacturers for damages

caused by their products."  La.Rev.Stat.Ann. § 9:2800.52.  A plaintiff may not recover from a

manufacturer for damages incurred by the use of a product based on any liability theory not set

forth in the LPLA.  See id.  The LPLA provides that a manufacturer of a product is liable to a

claimant for damage "proximately caused" by a characteristic of the product that rendered it

"unreasonably dangerous" when the damage arose from a reasonably anticipated use of the

product by the "claimant or another person or entity."  Id. at § 9:2800.54A.

A claimant may prove that the product was "unreasonably dangerous" only if it was

4

unreasonably dangerous: (1) in construction or composition; (2) in design; (3) because of inadequate warning; or (4) because of nonconformity to an express warranty.  Id. at § 2800.54(B)(1–4).  Thus, the elements of a products liability cause of action under the LPLA are proof of the following: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.  Jefferson v. Lead Industries Associations, Inc., 106 F.3d 1245, 1251 (5th Cir. 1997); La.Rev.Stat.Ann. § 9:2800.54; see generally, J. Kennedy, A Primer on the Louisiana Products Liability Act, 49 La. L.Rev. 565 (1989).

The Court holds that Plaintiff has stated a plausible cause of action under the LPLA. Accepting as true the well-pleaded factual allegations in the complaint, and construing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has provided factual allegations that would allow it to reasonably infer that the Defendants are liable for the alleged misconduct.  See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 205 (5th Cir. 1994), cert. denied, 514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995).  Plaintiff alleged specific, albeit limited, facts regarding her injury, and articulated the underlying events so as to provide a basis for her claims and give Defendants fair notice of those claims and the grounds upon which they rest.  The Court finds that dismissal under 12(b)(6) would therefore be inappropriate.

**B.      Stay Pending Transfer to MDL**

The Court now turns to the issue of whether the instant matter should be stayed pending potential transfer to the MDL.  The decision to grant or deny a temporary stay of proceedings

pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. It is advisable for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court.  See Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000)("[I]t may be advisable to defer certain matters until the panel has the opportunity to rule on transfer.").  Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system.  See 28 U.S.C. § 1407.  This Court holds that, given the likelihood that this case will be transferred to the MDL, a stay is appropriate.

### III.    CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to 12(b)(6) (Rec. Doc. 8)** filed by Defendants is **DENIED;**

**IT IS FURTHER ORDERED** that the **Motion to Stay Proceedings Pending Transfer by The Judicial Panel on Multidistrict Litigation (Rec. Doc. 12)** is **GRANTED.**  The instant case is hereby **STAYED** and **CLOSED** for administrative purposes.

This 17th of August, 2012.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE